UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MJA HOLDINGS LLC, | ) | |
| | ) | C.A. Docket No. 24-cv-10181 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BATTLE GREEN EQUIPMENT LLC, | ) | **Leave to file granted 4/12/2024** |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO OPPOSITION TO ITS MOTION TO DISMISS DEFENDANT BATTLE GREEN EQUIPMENT LLC'S COUNTERCLAIMS AND TO STRIKE JURY DEMAND AND CERTAIN CLAIMS AND DEFENSES**

Plaintiff MJA Holdings LLC (hereinafter "MJA"), by and through undersigned counsel, hereby respectfully responds to Defendant Battle Green Equipment LLC's (hereinafter "BGE") Opposition (Dkt. 19) to its Motion to Dismiss Counterclaims and to Strike Jury Demand and Certain Claims and Defenses (Dkt. 16).

BGE disregards its longstanding requirement to include well-pled, non-conclusory allegations that plausibly "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. 662, 678 (2009). As emphasized in *Iqbal* and *Ocasio-Hernandez*, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.; Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). "The make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Id.* (quoting *Sepúlveda–Villarini v. Dep't of Educ. of P.R.,* 628 F.3d 25, 29 (1st Cir.2010) (Souter, J.)). This is not about factual disputes. It is about pleading requirements and common sense.

1

BGE's opposition, however, underscores the implausibility, pleading distortions, and inconsistencies of its claims.

I. **BGE failed to state well-pled, non-conclusory allegations to survive dismissal.**

As demonstrated by BGE's own allegation, discussed in more detail below, MJA acted within its rights to terminate the Agreement based on BGE's misrepresentations concerning the newness of the Equipment (not new) and the availability of manufacturer warranties (unavailable). BGE's admissions make clear that no discovery is needed on these issues. BGE's allegations that MJA terminated the agreement out of bad faith relies solely on conjecture and rank speculation rather than well pled facts. Where MJA exercised its express right to terminate the Agreement because of BGE's false representations as to the very essence of the bargain, a factually unsupported, conclusory allegation of bad faith is not enough for BGE's claims to survive. It was required to plead fraud, deceit, or misrepresentation – which it has woefully failed to do. *See Dunkin' Donuts Inc. v. Gav-Stra Donuts, Inc.*, 139 F. Supp. 2d 147, 156 (D. Mass. 2001).

A. <u>BGE's theory of MJA's contrived scheme to break the contract is implausible.</u>

BGE's entire theory is speculative, conclusory, and unsupported by well-pled facts. At its heart, BGE claims that MJA hired attorneys to negotiate the Agreement, entered into the Agreement to buy Equipment, placed 40% of the total purchase price as deposits ($851,031.76), paid for and conducted inspections of the Equipment, which identified BGE's mischaracterizations concerning the condition of the Equipment, and engaged counsel to formally communicate the deficiencies and false representations about the lack of available warranties solely to "extricate itself from the parties' agreement because it was unwilling or unable to fulfill its obligations thereunder." Dkt. 19 at 2. BGE surmised that MJA risked hundreds of thousands of dollars more and undertook all the steps necessary to consummate the purchase of the Equipment in "bad faith"

to avoid purchasing the Equipment and to recover its initial deposit. Dkt. 19 at 13. These speculative and factually deficient allegations of "bad faith" are the sort of conclusory and implausible allegations that are ripe for dismissal. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) ("some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.') (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, n.5 (2007)). Otherwise, any litigant would be permitted to defeat a Rule 12(b)(6) motion by putting forth conclusory, speculative, and factually unsupported theories.

      B.      <u>BGE admits the closing date was extended to December 19, 2023</u>.

BGE bases its breach of contract claim on MJA's failure to initially close or to initially (and timely) extend the closing date on September 16, 2023, or to close by October 31, 2023 at the latest. Dkt. 19 at 4, 8. In doing so, BGE ignores its own admissions (made against its interests) that it agreed to extend the closing date on three separate occasions, and that the parties ultimately agreed to close on December 19, 2023. *See* Answer at ¶ 11 (admitting consent and that the closing was extended on September 20, 2023, October 17, 2023, and November 15, 2023, and receipt of additional deposits in the amount of $638,273.82). These admissions bely any plausible claim by BGE for breach of contract for MJA's failure to extend the closing date on September 16, 2023, or to close by October 31, 2023. The breach is not actionable. Therefore, these claims must be dismissed.

      C.      <u>BGE admits Equipment defects and the unavailability of manufacturer warranties.</u>

BGE also ignores its admission (again, against its interest) that the Equipment[1] was not new, and that manufacturer warranties were unavailable. *See* Counterclaim, Dkt. 11 at 13, ¶¶ 32-

33 (alleging BGE attempted to cure "the inability to offer warranties to MJA for the HVAC Equipment…" which were required to be original manufacturer warranties, by offering itself to "supply MJA with warranties for HVAC Equipment…"); *Id.* at 12-13, ¶¶ 27-28 (obtaining quotes to replace fans). This is despite BGE's representations within the contract that the Equipment would be new with manufacturer warranties available and additional representations promising the truthfulness of its statements. Exhibit A to Complaint, Dkt. 1-1 at ¶3; ¶3.7; and ¶3.8. BGE similarly ignores the fact that the truthfulness of these representations was an express condition precedent to closing and that the falsity of the representations was the basis for contract termination. *Id.* at ¶10.1. Instead, BGE asserts either it "was in material compliance with the Agreement" or that its breaches were "immaterial." Dkt. 19 at 6. Such conclusory assertions cannot be credited under *Iqbal* or *Ocasio-Hernandez*.[2] *See Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 10 (1st Cir. 2011) ("legal conclusions contained within a complaint are not entitled to a presumption of truth.") The fact (pleaded by both parties) that "manufacturer" warranties were not actually available when the Agreement was signed and made effective, and thus a direct breach of a material condition required for closing, further illustrates how and why BGE's claims about bad faith or deceptive trade practices are rank speculation and implausible. By its own pleading admission, MJA had the right to terminate and not close because the warranties were not available as promised.

II.     **MJA's inspection reports were not conclusory or cosmetic.**

BGE misrepresents MJA's inspection reports, pursuant to a contractual right, as being "cursory" with "purely cosmetic" findings. Dkt. 19 at 6. This mischaracterization is egregious, not a mere factual dispute as alleged by BGE, because it ignores significant issues identified in the

---

[2] BGE argues that the defective portion of the Equipment was less than 4% of the purchase price, Dkt. 19 at 7, but ignores that $1,421,243.40 of the Equipment had no available warranties that were promised.

4

initial inspection report, such as the need to *replace* "rusted hardware" in the majority of the subject units. Exhibit C to Complaint, Dkt.1-3 ("full sanitization and clean, replace rusted hardware in air stream, and store indoors in climate-controlled storage unit until being brought in for installation"). Furthermore, BGE fails to acknowledge that these faults persisted during the reinspection two months later. The Equipment was not new, as required by the contract. Exhibit D to Complaint, Dkt.1-4. MJA's ability to obtain the inspection was contractually available, and the findings are not truly in dispute.

III.  **The jury demand argument is nonsensical.**

BGE's jury demand should be stricken. It knowingly waived its jury rights under the Agreement, like MJA, and no party is contesting the validity of the Agreement. It categorizes its jury demand as a way "to preserve any and all rights thereto due to the unpredictability of litigation." Dkt. 19 at 21. That claim, however, is nonsensical. Neither party alleges that the Agreement or its jury waiver is invalid. Indeed, both parties agree that the Agreement governs the rights and liabilities of the parties. Dkt. 19 at 2. BGE flatly states in its opposition that the subject actions and disputes all "arise out of a contract between BGE and MJA for the sale and purchase of certain HVAC equipment." *Id.* BGE should not be unilaterally permitted to modify the terms of the Agreement or to pick and choose which provisions of the Agreement it is required to follow.

IV.  **BGE has not and cannot plead or claim waiver.**

BGE's waiver and amendment arguments must be foreclosed. BGE relies on this purported waiver as the basis for its claims, not solely as an affirmative defense (*see* Dkt. 19 at 5-6). MJA's motion to strike is not about BGE proving a waiver claim, it is about BGE having no ability, as a matter of clear law, to even plead such a claim in the first instance. None of the allegations in its counterclaims – unilateral notice to an attorney of its position – support a valid theory of

contractual waiver recognized by Massachusetts law. Dkt. 16 at 18-19. Permitting BGE to explore its waiver argument would impermissibly require MJA to defend or waive its attorney-client privilege as to communications between MJA and its counsel regarding BGE's unilateral position on making deposits (regardless of its breaches) non-refundable. MJA should not be put into such a position based on allegations that glaringly fail to meet the clear legal standards of waiver or contractual amendment.

                                                Respectfully submitted,

                                                MJA HOLDINGS LLC

                                                By its attorneys,

Dated: April 12, 2024                       MAKSIM NEMTSEV P.C.
       Boston, MA

                                      By:   */s/ Maksim Nemtsev*
                                                   Maksim Nemtsev, Esq.
                                                   *Attorneys for Plaintiff*
                                                   20 Park Plaza, Suite 1000
                                                   Boston, Massachusetts 02116
                                                   P: (617) 227-3700
                                                   max@mnpc.law

                                      HARTER SECREST & EMERY LLP
                                      ***ADMITTED PRO HAC VICE***

                                      By:   */s/ Sheldon K. Smith*
                                                   Sheldon K. Smith, Esq.
                                                   Ryan C. Altieri, Esq.
                                                   *Attorneys for Plaintiff*
                                                   50 Fountain Plaza, Suite 1000
                                                   Buffalo, New York 14202
                                                   P: (716) 853-1616
                                                   F: (716) 853-1617
                                                   ssmith@hselaw.com

## **CERTIFICATE OF SERVICE**

I, Maksim Nemtsev, hereby certify that on this date, April 12, 2024, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.