UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MJA HOLDINGS LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> BATTLE GREEN EQUIPMENT LLC, <br><br> *Defendant*. | ) <br> ) <br> ) C.A. Docket No. 24-cv-10181 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**LOCAL RULE 16.1 JOINT STATEMENT/DISCOVERY PLAN**

Pursuant to Local Rule 16.1 and Fed. R. Civ. P. 26, Plaintiff MJA HOLDINGS LLC ("MJA") and Defendant Battle Green Equipment LLC ("BGE"), upon conferral, have agreed to the following JOINT DISCOVERY PLAN:

**I.     FACT DISCOVERY**

   A.   Paper

   i.   **May 29, 2024**: Deadline to serve Fed. R. Civ. P. 26(a)(1) Initial Disclosures.
   ii.  **October 1, 2024**: Deadline to complete pre-deposition paper discovery.
   iii. **January 31, 2025**: Deadline to complete post-deposition paper discovery.

   B.   Depositions

   i.   **November 29, 2024**: Deadline to complete party depositions.

**II.    EXPERT DISCOVERY**

   A.   Expert Disclosures (if any)

   i.   **February 28, 2025**: Deadline to serve Fed. R. Civ. P. 26(a)(2) Expert Disclosures and Reports.
   ii.  **March 15, 2025**: Deadline to serve expert rebuttal reports.

1

      B.      <u>Expert Depositions</u> (if any)

            ii.      **April 30, 2025**: Deadline to complete expert depositions.

**III.**      **MOTIONS**

      A.      <u>Motions to Amend Pleadings</u>

            i.      **June 28, 2024**: Deadline to join other parties and to amend the pleadings.

      B.      <u>Dispositive Motions</u>

            i.      **June 30, 2025**: Deadline to file and serve pretrial dispositive motions.

**IV.**      **FINAL PRE-TRIAL CONFERENCE**

            i.      **July __, 2025**: Final Pre-Trial Conference.

**V.**      **TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to trial by magistrate judge at this time.

**VI.**      **LOCAL RULE 16.1(D)(3) CERTIFICATIONS**

Counsel for the Plaintiff MJA Holdings LLC and Defendant Battle Green Equipment LLC certify that they have conferred with their respective clients (a) with a view to establishing a budget for the costs of conducting the full course -- and various alternative courses -- of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

**VII.**      **AGENDA OF MATTERS TO BE DISCUSSED AT THE SCHEDULING CONFERENCE**

As part of their Rule 26(f) conference, the parties noted the following matters to be discussed at the scheduling conference:

    **A.**  **Attorney-Client Privilege**

MJA, through its counsel, believes that Battle Green's alleged contractual waiver claim/defense implicates attorney-client privileged communications and that a protective order may be necessary. Specifically, Battle Green Equipment LLC alleged:

> 24. On November 17, 2023, prior to arranging these extended, bifurcated closing dates, BGE, through counsel, informed MJA, through counsel, that all deposits on-hand with BGE were deemed non-refundable because MJA was in breach of Section 10.2(B) of Agreement, and that if the parties continued to extend the closing dates, BGE was within its rights under the Agreement to treat all deposits made by

>MJA as non-refundable.
>
>25. In response, MJA's counsel did not object and agreed to convey BGE's stated position to MJA.

Counterclaim, Dkt. 11 at 12.

A Motion to Dismiss and Motion to Strike these allegations and defenses is presently pending before this Honorable Court, Dkt. 16. MJA respectfully believes that if Battle Green is permitted to explore these claims and defenses in discovery (*e.g.,* what was communicated between MJA and its counsel regarding this topic) that the attorney-client privilege will be implicated. While Battle Green's counsel has indicated that it does not seek to discover attorney-client privileged information, MJA believes that nature of these claims/defenses – whether to prove or defend – will necessarily implicate the attorney-client privilege. Accordingly, MJA believes that a protective order may be necessary to safeguard its attorney-client privilege.

BGE does not believe that this subject is proper for a Rule 16 Joint Statement/Discovery Plan. BGE notes that the communications described within Paragraphs 24 and 25 of the Counterclaim concern communications between two parties, through counsel, and not communications between counsel and their respective clients. Nevertheless, to the extent BGE's forthcoming written discovery requests results in MJA raising the attorney-client privilege, and BGE disagrees with its application thereto, the proper forum to raise this issue with this Honorable Court, if necessary, would be through motion practice, not in the pages of a Rule 16 Joint Statement/Discovery Plan.

| | |
|---|---|
| PRINCE LOBEL TYE, LLP | MAKSIM NEMTSEV P.C. |
| By: /s/ Kenneth A. Sherman<br>Kenneth A. Sherman, Esq.<br>Lauren M. Koslowsky, Esq.<br>*Attorneys for Defendant*<br>One International Place, Ste. 3700<br>Boston, Massachusetts 02110<br>P: 617) 456-8000<br>ksherman@princelobel.com<br>lkoslowski@princelobel.com | By: /s/ Maksim Nemtsev<br>Maksim Nemtsev, Esq.<br>*Attorneys for Plaintiff*<br>20 Park Plaza, Suite 1000<br>Boston, Massachusetts 02116<br>P: (617) 227-3700<br>max@mnpc.law |
| | HARTER SECREST & EMERY LLP<br>***ADMITTED PRO HAC VICE***<br><br>By: /s/ Sheldon K. Smith<br>Sheldon K. Smith, Esq.<br>Ryan C. Altieri, Esq.<br>*Attorneys for Plaintiff*<br>50 Fountain Plaza, Suite 1000<br>Buffalo, New York 14202 |

P: (716) 853-1616<br>
ssmith@hselaw.com<br>
raltieri@hselaw.com

**SO ORDERED**: May __, 2024

_____
Hon. William G. Young, USDJ

**CERTIFICATE OF SERVICE**

I, Sheldon K. Smith, hereby certify that on this date, May 6, 2024, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

/s/ Sheldon K. Smith
Sheldon K. Smith, Esq.